```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| David Green, #300923-0355, ) | C/A No.: 1:18-3542-TMC-SVH |
| Petitioner, ) | |
| vs. ) | ORDER AND NOTICE |
| State of South Carolina and ) County of Greenville, ) | |
| Respondents. ) | |

David Green ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Petitioner is a pretrial detainee in the Greenville County Detention Center awaiting disposition of charges of driving under suspension, simple possession of marijuana, and trafficking heroin. [ECF Nos. 1; 1-1]. Petitioner alleges his bail is excessive because he was arrested on charges that carry maximum sentences of 30 days. [ECF No. 1 at 1]. He further argues that bail is excessive because the judge added location monitoring as a condition of bond, but he is ineligible for the location monitoring because there is "a hold on [him] for Maryland." *Id.* Petitioner also argues the judge based the

probable cause finding in his arrest warrants on a positive drug field test for heroin, but the deputy did not perform a drug field test. *Id.* at 2. Petitioner claims the solicitor has failed to properly respond to his discovery motions by not producing dash camera and body camera videos. *Id.* at 2–3, 5. Petitioner further claims he has not had an arraignment and did not receive timely notice that his minor charges had been upgraded to general session cases. *Id.* at 3.

Petitioner argues his traffic stop was illegal because the deputy (a) stopped him because he had out-of-state tags; (b) fabricated a reason to arrest him so he could search his car; and (c) questioned him without reading him his *Miranda* warnings. *Id.* at 4–6. Petitioner also alleges he is being denied access to the courts because he is not permitted to file motions on his own behalf. *Id.* at 7. Finally, Petitioner claims he is being denied effective assistance of counsel because his lawyers failed to (a) investigate the truthfulness of the deputy's statements or the circumstances surrounding his traffic stop; (b) file pretrial motions; (c) appear at his preliminary hearing; and (d) return his calls. *Id.* at 8–9.

II. Discussion

   A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing

Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Petitioner filed the instant habeas petition alleging violations of his constitutional rights during a 2017 arrest and the subsequent state criminal proceedings. [ECF Nos. 1; 1-1]. Pretrial petitions for habeas corpus are

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

3

properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). However, federal habeas relief is available under § 2241 only if exceptional circumstances justify the provision of federal review. *Dickerson*, 816 F.2d at 227.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

4

Petitioner states he is currently detained pending disposition of state criminal charges, satisfying the first part of the test. The second part of the test is met because the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner can pursue his claims of an illegal stop and seizure, excessive bail, discovery violations, and ineffective assistance of counsel during the disposition of his criminal charges. Accordingly, Petitioner's petition is subject to summary dismissal. *See Younger*, 401 U.S. at 43–44.

NOTICE CONCERNING AMENDMENT

Petitioner may attempt to correct the defects in his habeas petition by filing an amended petition by January 10, 2019. Petitioner is reminded that an amended petition replaces the original petition and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks

omitted). If Petitioner files an amended petition, the undersigned will conduct screening of the amended petition pursuant to 28 U.S.C. § 1915A. If Petitioner fails to file an amended petition or fails to cure the deficiencies identified above, the court will recommend to the district court that the case be dismissed.

IT IS SO ORDERED.

December 27, 2018
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge